UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERRICK R. MATOLA,

      Plaintiff,

v.

NATIONAL CREDIT ADJUSTERS, LLC,

      Defendant.

_____/

CASE NO. 8:21-cv-00732

<u>JURY TRIAL DEMANDED</u>

## <u>COMPLAINT</u>

NOW comes DERRICK R. MATOLA ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of NATIONAL CREDIT ADJUSTERS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida and a substantial portion of the events that gave rise to this action occurred within the Middle District of Florida.

### PARTIES

4.   Plaintiff is a consumer over 18 years-of-age residing in Pinellas County, Florida, which is within the Middle District of Florida.

5.   Defendant is a third party debt collector that "has specialized in facilitating the resolution of delinquent account receivables" since 2001.[1] Defendant is a limited liability company organized under the laws of the state of Kansas with its principal place of business located at 327 West 4th Avenue, Hutchinson, Kansas.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

7.   The instant action arises out of Defendant's attempts to collect upon a debt ("subject debt") said to be owed by Plaintiff.

8.   The subject debt purportedly stems from Plaintiff's past due payments on a personal credit card issued through Bank of Missouri.

9.   Upon information and belief, after the subject debt purportedly fell into a default status, Bank of Missouri subsequently charged off the subject debt and placed the same with Defendant for collection purposes.

10. In approximately September 2020, Plaintiff was reviewing his credit report when he noticed Defendant reporting the subject debt, in the amount of $480.00, on his credit report. Plaintiff was confused as to the reporting, as he had no awareness of the subject debt or why the amount Defendant was seeking to collect was $480.00.

---

[1] http://ncaks.com/

11. Perplexed by Defendant's reporting, on or about October 17, 2020, Plaintiff contacted Defendant in order to inquire about Defendant's reporting of the subject debt.

12. During this contact with Defendant, Plaintiff attempted to gather information about whether this was a debt he legitimately owed; however, Defendant provided no information to Plaintiff other than to inform him they were attempting to collect upon a credit card bill.

13. This communication was the first communication Plaintiff had with Defendant in connection with the subject debt.

14. Thereafter, Plaintiff sent three separate certified dispute and validation requests to Defendant. The requests were sent on October 17, 2020, November 22, 2020, and December 8, 2020.

15. Despite receiving all three of Plaintiff's dispute and validation requests, as of the drafting of this Complaint, Defendant has not provided Plaintiff with the requested information and has not provided any sort of validation to Plaintiff.

16. Instead, Defendant has continued to report the subject debt to the credit reporting agencies as due and owing by Plaintiff, updating its reporting after Plaintiff's disputes as recently as February 1, 2021, despite never providing Plaintiff with the validation requested by Plaintiff on multiple occasions.

17. Frustrated by Defendant's unresponsiveness and continued reporting of the subject debt, on February 11, 2021, Plaintiff called Defendant. During that call, Plaintiff was able to confirm that Defendant received his letters and did not respond to Plaintiff's written requests.

18. Upon information and belief, Defendant's failure to provide verification of the subject debt to Plaintiff despite the passage of several months since Plaintiff's initial dispute demonstrates that Defendant has been unable to gather sufficient validation that the subject debt is owed by Plaintiff.

3

19. Nevertheless, upon further information and belief, Defendant consciously chose to continue its reporting of the subject debt, despite its inability to validate the subject debt, hoping that Plaintiff would be compelled to make payment on a debt he does not owe just to get the credit reporting issues cleared up.

20. Defendant's failure to respond to Plaintiff's requests in connection to the subject debt further deceived and misled Plaintiff as to the extent of any purported liability in connection with the subject debt, as he was confused and left wondering the nature and extent of his overall liability on the subject debt, given Defendant's failure to clearly explain the nature of the subject debt or otherwise provide Plaintiff with validation thereof.

21. Confused and concerned by the nature of Defendant's reporting and conduct, Plaintiff lost time addressing Defendant's deceptive and misleading collection efforts and suffered emotional distress in connection with Defendant's failure to fully explain and validate the subject debt and further given the impact the reporting has had on Plaintiff's creditworthiness.

22. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to expending time addressing and dealing with Defendant's confusing and misleading conduct, being deprived the ability to intelligently address the subject debt given Defendant's violations of law, being subjected to continual reporting of the subject debt despite Defendant's failure to validate the subject debt, emotional distress stemming from Defendant's failure to validate the subject debt, and a violation of his state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

23. Plaintiff was further put at risk of harm of making payment on a disputed debt which Defendant failed to validate just so that Plaintiff would be able to clear up Defendant's erroneous reporting of the subject debt.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a.  Violations of FDCPA § 1692d**

29. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

30. Defendant violated § 1692d through its continuing reporting of the subject debt without providing validation to Plaintiff. Despite Plaintiff submitting three separate disputes and requests for validation over the course of several months, Defendant never responded to such disputes and instead continued reporting the subject debt and updating the reporting in the face of Plaintiff's disputes. Such conduct, done in connection with Defendant's efforts to collect a debt from Plaintiff, had the natural consequence of harassing and abusing Plaintiff. Defendant's harassment

was designed to compel Plaintiff's payment on a debt which he was actively seeking validation, hoping that, with the passage of time, Plaintiff would get tired of the reporting and make payment, despite Defendant's inability to validate the subject debt as being due and owing by Plaintiff.

  **b.  Violations of FDCPA § 1692e**

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

33. Defendant violated §§ 1692e, e(2), and e(10) through its failure to clearly and fairly communicate information about the amount of the subject debt to Plaintiff during the conversation occurring on or about October 17, 2020. During this call – which was Plaintiff's first communication with Defendant regarding the subject debt – Plaintiff was seeking information that would have allowed him to better understand the nature of Defendant's credit reporting and the legitimacy of its efforts; however, rather than provide Plaintiff with substantive information to which he was entitled, Defendant instead misleadingly informed Plaintiff that the debt was in reference to a credit card debt, without providing any further information. Defendant's conduct in this regard was designed to obfuscate the nature of its collection efforts so that Plaintiff would set aside any potential disputes and instead agree to make payment despite the questions surrounding Plaintiff's purported indebtedness on the subject debt.

34. Defendant further violated §§ 1692e, e(2), and e(10) through its continuing reporting of the subject debt without providing the requisite validation to Plaintiff. Through its conduct, Defendant deceptively suggested that it could continue reporting the subject debt without properly validating the account. Such conduct was designed to mislead and deceive Plaintiff into believing that his disputes and validation requests had no legal effect, and that the only way to avoid the subject debt's continuing reporting was to pay the subject debt.

35. Additionally, Defendant violated §§ 1692e and e(10) when it intentionally failed to validate the subject debt when Plaintiff requested such validation. Defendant attempted to mislead Plaintiff into believing that Defendant was not required to validate the subject debt when Plaintiff requested such information.

36. Defendant's actions only served to exacerbate the worry and confusion Plaintiff was already experiencing as a result of Defendant's false, deceptive, and misleading debt collection conduct.

### c.   Violations of FDCPA § 1692f

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt without providing Plaintiff with the information he requested. Defendant's collection efforts unfairly suggested that it was not required to validate the subject debt at Plaintiff's requests, leaving Plaintiff confused and worried.

39. Defendant further violated § 1692f when it unfairly let Plaintiff's account languish for months without providing any validation of the subject debt. In response to Defendant's multiple disputes, Defendant should have made the effort to gather validation of the subject debt. Despite

its confirmed receipt of such disputes and the passage of months, Defendant unfairly failed to respond to the disputes, instead continuing its reporting of the subject debt.

### d. Violations of FDCPA § 1692g

40. The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ." Furthermore, pursuant to 15 U.S.C. § 1692g(b), "[i]f the consumer notifies the debt collector in writing within [thirty days of the initial communication] that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer."

41. Defendant violated § 1692g(a)(1)-(5) by failing to provide the written disclosures to Plaintiff. At no point has Plaintiff been provided any information in writing regarding the subject debt which outlines his rights under § 1692g.

42. Defendant further violated § 1692g(b) by continuing to report the subject debt to the credit reporting agencies without providing Plaintiff the requested validation. As the FTC has previously stated that "the FTC view[s] reporting to a consumer reporting agency as a collection activity prohibited by § 1692g(b) after a written dispute is received and no verification has been provided." Such persuasive guidance, followed by courts across the country, underscores the extent to which Defendant's continued reporting of the subject debt constitutes conduct

improperly engaged in by Defendant without first validating the subject debt. As outlined at

length above, Defendant never provided Plaintiff any validation of the subject debt despite

Plaintiff's numerous requests, and instead continued reporting and updating its reporting of the

subject debt as due and owing by Plaintiff.

43. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's

illegal actions.

WHEREFORE, Plaintiff, DERRICK R. MATOLA, respectfully requests that this Honorable

Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the
   aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C.
   §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided
   under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C.
   §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject
   debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: March 26, 2021                              Respectfully Submitted,

                                                   /s/Alejandro E. Figueroa
                                                   Alejandro E. Figueroa, Esq.
                                                   Florida Bar No. 1021163
                                                   *Counsel for Plaintiff*
                                                   Sulaiman Law Group, Ltd
                                                   2500 S Highland Ave, Suite 200
                                                   Lombard, IL 60148
                                                   Telephone: (630) 575-8181 Ext. 120
                                                   alejandrof@sulaimanlaw.com

10